UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ZACHARIAS WEISHUHN,

                Plaintiff,        Civil Action No. 19-13258

v.                                    Terrence G. Berg
                                        United States District Judge

COMMISSIONER OF             David R. Grand
SOCIAL SECURITY,              United States Magistrate Judge

                Defendant.
_____/

**REPORT AND RECOMMENDATION ON MOTION FOR
ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b) (ECF No. 24)**

**I.    REPORT**

    **A.    Procedural History**

On November 5, 2019, Plaintiff Zacharias Weishuhn ("Weishuhn") filed suit against the Commissioner of Social Security, challenging the Commissioner's final decision denying his application for Disability Insurance Benefits. (ECF No. 1). On November 12, 2020, this Court issued a Report and Recommendation ("R&R"), recommending that the case be remanded to the ALJ for further evaluation. (ECF No. 20). The R&R was adopted by the Honorable Terrence G. Berg on December 9, 2020, and a judgment was entered that same day remanding the case for further consideration by the ALJ. (ECF Nos. 21, 22). On December 23, 2020, the Court entered a stipulated order awarding Weishuhn's attorney, Erika A. Riggs, $6,387.50 in attorney's fees pursuant to the Equal Access of Justice Act ("EAJA"). (ECF No. 23).

Weishuhn subsequently prevailed on remand, and the Social Security Administration issued a Notice of Award, dated June 15, 2022, awarding him $42,974.00 in past-due benefits. (ECF Nos. 24-3, PageID.1037). On June 30, 2022,[1] Ms. Riggs filed the instant motion indicating that, pursuant to the terms of both 42 U.S.C. § 406(b) and the applicable fee agreement, she is entitled to attorney fees in the amount of 25% of Weishuhn's past-due benefits ($10,743.50). (ECF No. 24, PageID.1019-21). Ms. Riggs further acknowledged that, if her motion for attorney fees is approve, she would be required to reimburse Weishuhn the $6,387.50 that she received under the EAJA. (*Id.*, PageID.1021).

B.   **Analysis**

42 U.S.C. § 406(b) authorizes the Court to award attorney fees following the successful disposition of Social Security disability appeals. Section 206(b)(1) of the Social Security Act permits courts to award attorneys up to 25% of the past-due benefits to which a claimant is entitled after a favorable decision. Attorney fees are subject to the condition that they be reasonable for the services rendered. *See Gisbrecht v. Barnhart,* 535 U.S. 789,

---

[1] The Commissioner filed a response, noting that Ms. Riggs' June 30, 2022 motion for attorney fees was filed one day late because she had 14 days from the issuance of the Notice of Award on June 15, 2022, to file her motion. (ECF No. 26, PageID.1054). The Commissioner contends, however, that "because there was only a one-day delay and the Social Security Administration has not released the past-due benefits back to [Weishuhun], the factors tend to weigh in favor of applying equitable tolling." (*Id.*); *see Hayes v. Comm'r of Soc. Sec.*, 895 F.3d 449, 453-54 (6th Cir. 2018) ("In determining whether a party should be entitled to equitable tolling, we consider: (1) the petitioner's lack of [actual] notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim."). The Court concurs that equitable tolling is appropriate here, particularly considering that the third and fourth factors weigh in favor of Ms. Riggs, *i.e.*, the motion was only late by one day, and there is no prejudice to the Commissioner.

807 (2002).

Ms. Riggs is requesting $10,743.50 in attorney fees, which represents 25% of the past-due benefits awarded to Weishuhn ($42,974.00). Ms. Riggs has submitted a contingent fee agreement, signed by both herself and her client, in which Weishuhn specifically acknowledges that an attorney who successfully represented him in court may be awarded a reasonable fee, not in excess of 25% of his past due benefits. (ECF No. 24-4).

Contingent fee arrangements are allowed under the Social Security Act. In fact, an "agreement for a 25% fee, the maximum permitted under § 206(b) of the Social Security Act, 42 U.S.C. § 406(b), is presumed reasonable," even if amounts called for by the 25% contingency agreements compute to comparatively high hourly rates. *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 421 (6th Cir. 1990) (citing *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989) and *Royzer v. Sec'y of Health & Human Servs.*, 900 F.2d 981, 982 (6th Cir. 1990)). The Sixth Circuit has recognized that "[c]ontingent fees generally overcompensate in some cases and undercompensate in others." *Id*. (quoting *Royzer,* 900 F.2d at 982).

In Social Security cases, the 25% contingent fee "is not to be viewed as per se reasonable," but generally, "if the agreement states that the attorney will be paid twenty-five percent of the benefits awarded, it should be given the weight ordinarily accorded a rebuttable presumption." *Rodriquez*, 865 F.2d at 746. Fees may be reduced below the 25% limit for improper conduct, ineffectiveness of counsel, and "situations in which counsel would otherwise enjoy a windfall because of either an inordinately large benefit

3

award or from minimal effort expended." *Id.*

In this case, there is no suggestion that Ms. Riggs behaved improperly or was ineffective. On the contrary, Ms. Riggs achieved a very successful result for Weishuhn. Nor does it appear that awarding the total fee requested herein would amount to a windfall. Ms. Riggs has submitted a full log of the activities she undertook before this Court on Weishuhn's behalf, and she contends that it shows a total of 64.9 hours spent on his case, resulting in an effective hourly rate of approximately $165.54. (ECF No. 24-5).

The Commissioner filed a response, advising that while Ms. Rigg claims her fee request was based on 64.9 hours of work, she "did not parse these hours out between administrative work and district court work," and that this Court "can only award a reasonable fee for work performed at the district court level." (ECF No. 26, PageID.1054 (citing 24 U.S.C. § 406(b)(1)(A)). The Commissioner contends that, upon review of Ms. Rigg's log, it appears instead that "the total number of hours for the tasks performed at the district court level equals 37.5 hours," and therefore "the hypothetical hourly rate for the requested $10,743.50 in fees equals $286.49." (*Id.*, PageID.1054-55). Nonetheless, the Commissioner asserts that, because "the hypothetical hourly rate [of] $286.49 [] is less than twice the standard rate . . . the Commissioner has no objection to the requested amount." (*Id.*, PageID.1055-56).

Here, the Court concurs that a review of Ms. Riggs' activity log reflects that the number of hours for tasks performed at the district court level equals 37.5 hours, resulting in an hourly rate of $286.49. (ECF No. 24-5, PageID.1044-45 (tasks performed from 9/20-2019 to 11/25/2020, and on 6/29/2022)). Nonetheless, awards using higher rates than this

4

have been deemed reasonable by courts in the past. *See, e.g., Hamilton v. Comm'r of Soc. Sec.*, No. 09-11553, 2011 WL 10620498, at *5-6 (E.D. Mich. Aug. 15, 2011) (approving a contingency rate of $625 per hour for §406(b) fees); *Karadsheh v. Comm'r of Soc. Sec.*, No. 08-cv-988, 2011 WL 5041366, at *3 (W.D. Mich. Sept. 26, 2011) (approving a contingency rate of $360 per hour for §406(b) fees). *See also Hayes*, 923 F.2d at 422 ("[A] windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant in the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market."); *Sovey v. Comm'r of Soc. Sec.*, No. 16-11962, 2019 WL 670186, at *2 (E.D. Mich. Feb. 19, 2019) (stating that "[c]ourts in this circuit have variously adopted 'standard rates' ranging from $165 [to] $500 per hour").

Moreover, in assessing a fee determination, courts have found it useful, although not necessary, to consider the defendant's position as to the reasonableness of the requested fee award. *See, e.g., Lewis v. Sec'y of Health & Human Servs.*, 707 F.2d 246, 248 (6th Cir. 1983). In this case, the Commissioner has no objections to the requested fee award, provided that Ms. Riggs is ordered to return to Weishuhn the attorney fee she already received under the EAJA. (ECF No. 26, PageID.1057).

II.     **RECOMMENDATION**

For the foregoing reasons, **IT IS RECOMMENDED** that Ms. Riggs' Motion for Attorney Fees **(ECF No. 24)** be **GRANTED** and that (1) attorney fees be awarded to her in the amount of $10,743.50 for work performed before this Court in connection with Weishuhn's Social Security appeal; and (2) Ms. Riggs be ordered to reimburse Weishuhn

5

the $6,387.50 that she received under the EAJA.

Dated: January 25, 2023              s/David R. Grand
Ann Arbor, Michigan             DAVID R. GRAND
                                                         United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to the proposed findings and recommendations set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2). A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

  The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 25, 2023.

                s/Eddrey O. Butts
                EDDREY O. BUTTS
                Case Manager